FILED'08 DEC 17 16:00USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN TIMOTHY MORGAN,

            Plaintiff,

v.

INTERFOR PACIFIC, Inc.

            Defendant.

Case Number CV 08-3105-CL

**REPORT AND RECOMMENDATION**

CLARKE, Magistrate Judge:

Plaintiff John Timothy Morgan filed this complaint against Defendant Interfor Pacific, Inc. for unlawful employment practices under Oregon Revised Statutes §§ 659A.030 and 659A.040 Plaintiff is a resident of Oregon. Defendant is a corporation incorporated in the state of Washington with its principal place of business in Bellingham, WA. (Notice of Removal 2.) The amount in controversy exceeds $75,000. Id. This court has jurisdiction pursuant to 28 U.S.C. § 1332. Before the Court is defendant's motion to dismiss (#5) converted into a summary judgment motion (#9), which the plaintiff opposes. Plaintiff Morgan, who is proceeding *pro se*, was advised by the Court of summary judgment standards (#10), and has filed a response to defendant's motion. For the reasons set forth below, the court recommends that defendant's motion for summary judgment be granted.

REPORT & RECOMMENDATION  1

## I.  STANDARDS

Pursuant to Rule 56(c), summary judgment "should be rendered, if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party must carry the initial burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). The moving party meets this burden by identifying for the court portions of the record on file which demonstrate the absence of any genuine issue of material fact. Id.; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-movant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002).

If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts which show there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 & n.4 (1986). Summary judgment should be granted for the movant, if appropriate, in the absence of any significant probative evidence tending

REPORT & RECOMMENDATION  2

to support the opposing party's theory of the case. Fed. R. Civ. P. 56(e); <u>THI-Hawaii, Inc. v. First Commerce Fin. Corp.</u>, 627 F.2d 991, 993-94 (9th Cir. 1980); <u>First Nat'l Bank v. Cities Serv. Co.</u>, 391 U.S. 253, 290 (1968). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. <u>Devereaux</u>, 263 F.3d at 1076.

## II. BACKGROUND

Plaintiff alleges that he suffered an on-the-job injury while employed by the defendant. (Notice of Removal, Ex.1 (Compl.) 1.) He applied for benefits under the Oregon Workers Compensation Act and scheduled surgery to repair his rotator cuff. Defendant dismissed plaintiff on November 15, 2007, and according to Plaintiff, the dismissal was based upon a cause for which he had received no prior warning. Plaintiff alleges that defendant wrongfully terminated him for seeking workers' compensation. <u>Id.</u> at 2.

Plaintiff filed claims with both the Oregon Bureau of Labor and Industries (BOLI) and the U.S. Equal Employment Opportunity Commission (EEOC). (Decl. of James M. Shore in Supp. of Def.'s Mot. to Dismiss, Ex. 2, 1 and Pl.'s Resp. to Def.'s Mot. to Dismiss 2.) Plaintiff received a Dismissal and Notice of Rights letter from BOLI, dated June 6, 2008 (BOLI letter) informing him that his complaint had been dismissed. (Decl. of James M. Shore, Ex. 2, 1.) The letter advised him that he had 90 days from the date of the letter to file a state civil claim. He also received a Dismissal and Notice of Rights letter from the EEOC (EEOC letter), dated June 25, 2008 informing him that his complaint had been dismissed and that he had 90 days from the receipt of notice to file a federal civil suit. The EEOC letter cautioned there may be different filing requirements for state

REPORT & RECOMMENDATION 3

and federal claims: "The time limit for filing suit based on a state claim may be different." (Pl.'s Resp. to Mot. to Dismiss 2).

Plaintiff filed a claim in Circuit Court of the State of Oregon in Klamath County on September 5, 2008. (Compl. 1.) Defendant filed a notice of removal on October 14, 2008 and filed a motion to dismiss on October 17, 2008. This Court converted the motion to dismiss to a summary judgment motion on October 22, 2008.

### III. ANALYSIS

#### A. PLAINTIFF'S RIGHT TO FILE CIVIL SUIT EXPIRES IN 90 DAYS

Oregon Revised Statutes § 659A.880 provides:

> (1) If the complaint filed under ORS 659A.820 alleges unlawful practices . . . , the Commissioner of the Bureau of Labor and Industries shall issue a 90-day notice to the complainant if the commissioner dismisses the complaint within one year after the filing of the complaint, and the dismissal is for any reason other than the fact that a civil action has been filed by the complainant. . . .
> (3) A 90-day notice under this section must be in writing and must notify the complainant that a civil action against the respondent under ORS 659A.885 may be filed within 90 days after the date of mailing of the 90-day notice, and that any right to bring a civil action against the respondent under ORS 659A.885 will be lost if the action is not commenced within 90 days after the date of the mailing of the 90-day notice.

The court begins the 90 day period on the day after the letter was mailed. See Riggs v. Ferrellga, Inc., 2006 WL 3499188 at *2 (D. Or. 2006). Only the timelines provided in this statute govern the calculation of the limitation period. Quillen v. Roseburg Forest Products, Inc., 159 Or. App. 6, 10 (1999) (holding that "the three day time extension allowed by ORCP 10C does not apply because 'a different procedure is specified by statute or rule.'" (citing Or. R. of Civ. Pro. § 1A)). The complainant loses his right to file a suit if he fails to file a claim within 90 days of receiving the letter.

REPORT & RECOMMENDATION 4

Similarly, the federal law on employment discrimination provides the same 90 day limitation. The commissioner "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . ." 42 U.S.C. § 2000e-5(f)(1). The 90 day period begins on first day immediately following the date of the letter.

### B.  PLAINTIFF FAILED TO FILE STATE AND FEDERAL CIVIL SUITS WITHIN 90 DAYS OF BOLI LETTER AND THE EEOC LETTER

Plaintiff received the BOLI letter on June 6, 2008. The 90 day period began on June 7, 2008, and accordingly ran until September 4, 2008, at which point he lost his right to file a civil suit on state law grounds. He received his EEOC letter on June 25, 2008. The 90 day period began on June 26, 2008, and accordingly ran until September 23, 2008, at which point he lost his right to file a civil suit on federal law grounds. On September 5, 2008, plaintiff filed his claim for unlawful employment practices under Oregon law, specifically Oregon Revised Statutes §§ 659A.030, 659A.040. (Compl. 1.) However, this was filed 91 days after the date of his BOLI letter, and he had lost his right to sue the day before. Plaintiff filed no claim in federal court.

It appears that the plaintiff confused the procedures described in the BOLI and EEOC letters. In his response to defendant's motion to dismiss the case filed in state court and later removed to federal court, plaintiff refers to the EEOC letter's date, which only applies to potential federal law suits. Plaintiff's claims, however, only seek relief on state law grounds. While the same set of facts form the basis for both the potential state and federal civil claims, different procedures apply to each. Plaintiff did not file valid claims in either state or federal court within the 90 day time period.

REPORT & RECOMMENDATION 5

### C.     EQUITABLE TOLLING OF 90 DAY LIMITATION PERIOD IS NOT JUSTIFIED

Only in rare circumstances does the court apply equitable tolling to preserve a claimant's right to sue. For example, the court has tolled the limitation when the plaintiff has received inadequate notice, when there is a motion still pending for appointment of counsel, when the court has misled the plaintiff to believing the plaintiff has done everything required of him, or when the affirmative conduct of the defendant lulled the plaintiff into inaction. Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984).

*Pro se* plaintiffs are not afforded any additional leniency. "Even a pro se litigant . . . is required to follow the law. . . . [A] willfully unrepresented plaintiff volitionally assumes the risks and accepts the hazards which accompany self representation." Williams v. Sears, Roebuck and Co., 143 F. Supp. 2d 941, 947 (W.D. Tenn. 2001). In Williams, the court dismissed plaintiff's Title VII claim and rejected his request that the 90 day limitation period be tolled. The court found that none of plaintiff's excuses justified equitable tolling, including the excuse that plaintiff "misapprehended the [90] day filing timetable based on the language in the right to sue notice." Id.

Plaintiff has not provided a persuasive reason for why the court should toll the period in which he had a right to sue. The court recognizes that the plaintiff did attempt to comply with the requirements, and it is unfortunate that plaintiff missed the deadline by a single day. However, the court applies the limitations as set forth in the statute and notes the Supreme Court's guidance in Mohasco Corp v. Silver: "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." 447 U.S. 807, 826 (1980).

REPORT & RECOMMENDATION  6

## IV. CONCLUSION

Plaintiff lost his right to sue on state law grounds on September 4, 2008, and as a result, his filing of a suit on the following day of September 5, 2008 is barred because he did not comply with procedure set forth in the statute and explained in his BOLI letter. Plaintiff has given no persuasive reason to justify an equitable tolling of this period. Defendants motion for summary judgment should be granted.

## V. RECOMMENDATION

The court recommends that defendant's motion for summary judgment be granted.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due by January 5, 2009. If objections are filed, any responses to the objections are due within 10 days,* see *Federal Rules of Civil Procedure 72 and 6.* Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 17 day of December, 2008.

MARK D. CLARKE
United States Magistrate Judge

REPORT & RECOMMENDATION 7